**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RI JIN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71957

Agency No. A099-062-695

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 19, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Ri Jin, a native and citizen of China, petitions pro se for review of a decision

from the Board of Immigration Appeals ("BIA") in which the BIA dismissed his

appeal from the immigration judge's ("IJ") adverse credibility finding and denial

of relief in the form of asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny in part and grant in part Jin's petition for review.[1]

Where the BIA's phrasing suggests that it conducted an independent review of the record, but its analysis of relevant issues consists of a simple statement of a conclusion, this court looks to both the BIA's and the IJ's decisions. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). This court reviews legal questions de novo and reviews factual findings, including adverse credibility determinations, for substantial evidence. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). A denial of asylum, withholding of removal, or CAT relief is reviewed for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1020, 1025 (9th Cir. 2009).

## A. Credibility Determination

The agency found that Jin failed to credibly establish his identity. However, substantial evidence does not support the agency's bases for its finding, discussed in turn below. *See Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011).

First, the IJ found that she could not determine Jin's nationality because while he had a Chinese passport, he testified that his parents and sister live in South Korea. However, the IJ did not explain why the authenticity of Jin's

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

2

passport was undermined by the fact that his family lived in South Korea, and there is nothing in the record to suggest that Jin's passport was not genuine. Therefore, the IJ's first reason is based on speculation and is an improper basis for an adverse credibility finding. *See Li v. Holder*, 559 F.3d 1096, 1107 (9th Cir. 2009) (holding that substantial evidence does not support an adverse credibility determination based on speculation, conjecture, and assumptions).

Second, the IJ found that Jin's household registries from 2001 and 2007 were inconsistent with each other because the 2007 registry indicated that Jin had two National ID numbers. However, the record compels the conclusion that this discrepancy is the result of typographical and translation errors, and it therefore cannot be the basis of an adverse credibility finding. *See Shrestha*, 590 F.3d at 1043; *Wang v. INS*, 352 F.3d 1250, 1254 (9th Cir. 2003).

Third, the IJ found it significant that the 2007 household registry listed Jin as a member of the household despite the fact that he arrived in the United States in 2005. However, the IJ failed to address Jin's plausible explanation that his family included him in the 2007 household registry because his escape to the United States was a secret. Because the IJ failed to address Jin's plausible explanation, this perceived inconsistency is not sufficient to support an adverse credibility determination. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir. 2009)

3

(holding in a pre-REAL ID case that inconsistencies could not support an adverse credibility finding where the agency did not address the petitioner's explanation for them); *see also Shrestha*, 590 F.3d at 1044 (citing *Soto-Olarte*, 555 F.3d at 1091) (concluding that under the REAL ID Act, the agency should consider a petitioner's explanation for an inconsistency).

Finally, the IJ found that Jin's notarial birth certificate and National ID card were not sufficient to establish his identity in light of the other perceived inconsistencies in his identity documents. However, none of the perceived inconsistencies are supported by substantial evidence, and Jin's notarial certificate and National ID card are consistent with his testimony and documentary evidence.

Therefore, substantial evidence does not support the agency's finding that Jin failed to establish his credibility.

Moreover, substantial evidence does not support the IJ's alternate finding that even if Jin had established his identity, his claims were not credible.

Regarding Jin's labor-protest claim, the IJ found that he failed to credibly establish that he was employed. The IJ relied on her finding that the household registries from 2001 and 2007 were inconsistent with each other. However, she failed to address Jin's plausible explanations for perceived inconsistencies in the documents; therefore, these inconsistencies are not proper bases for an adverse

4

credibility determination. *See Soto-Olarte*, 555 F.3d at 1091-92. Moreover, because the IJ did not give Jin the opportunity to explain other perceived inconsistencies, they cannot support an adverse credibility determination. *See id.* at 1092. In addition, the IJ failed to address the evidence tending to prove that Jin was employed, and its adverse credibility determination is therefore erroneous because it is not based on the totality of the circumstances. *See Shrestha*, 590 F.3d at 1044 (concluding that under the REAL ID Act, the IJ "should consider and address . . . relevant evidence that tends to contravene a conclusion that a given factor undermines credibility").

Finally, the IJ found that Jin's testimony that he was arrested, detained, beaten, and then released on bail was not credible. However, the IJ provided no reason to justify this finding, and it therefore is not supported by substantial evidence. *See id.* at 1042-43 (the IJ must provide specific and cogent reasons to support an adverse credibility finding).

The BIA affirmed the IJ's adverse credibility determination. It also found that the IJ properly expected Jin to provide reasonably available corroboration. However, substantial evidence does not support the BIA's finding because the IJ did not find or indicate that additional corroboration was necessary.

5

We therefore grant Jin's petition and remand on an open record for a reevaluation of his credibility. *See Soto-Olarte*, 555 F.3d at 1093-96.

**B.  Asylum and Withholding of Removal**

The agency also found that even if Jin had testified credibly, he was not eligible for relief on the basis of his fiancee's forced abortion because he failed to show that he participated in "other resistance" to China's population control policy.  Substantial evidence supports the agency's denial of this claim.  *See Jiang v. Holder*, 611 F.3d 1086, 1091-94 (9th Cir. 2010).

Jin argues for the first time before this court that he is eligible for asylum based on his harboring a North Korean refugee.  However, we do not consider this claim because Jin failed to properly raise this issue before the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Regarding Jin's claim that he was persecuted for his participation in a labor protest, the BIA did not address the merits of Jin's claim but rather relied on its adverse credibility finding to deny relief.  Moreover, in finding that Jin had not engaged in protected activity, the IJ did not have the benefit of our decision in *Hu v. Holder*, 652 F.3d 1011 (9th Cir. 2011).  We therefore remand for a consideration of the merits of this claim.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002).

Because the foregoing issues are dispositive, we decline to address Jin's remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

## C. Remand to the BIA

We thus deny Jin's petition for review with respect to his claim based on his fiancee's forced abortion. We grant Jin's petition for review with regard to his labor-protest claim and remand on an open record for a reassessment of Jin's credibility and for a determination of whether Jin suffered past persecution or has a well-founded fear of future persecution on account of a protected ground.

We also remand Jin's CAT claim "because we cannot conduct a meaningful review of the BIA's decision on the issue, where the BIA failed to provide a reasoned explanation of its decision." *Hu*, 652 F.3d at 1020 (citing *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)).

**Petition DENIED in part; GRANTED in part; and REMANDED with instructions.**

Each party to bear their own costs.

7